JAMES B. BELSHE (USB No. 9826)
*jbelshe@wnlaw.com*
CLINTON E. DUKE (USB No. 9784)
*cduke@wnlaw.com*
AMBER B. LEAVITT (USB No. 11412)
*aleavitt@wnlaw.com*
WORKMAN | NYDEGGER
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah  84111
Telephone:  (801) 533-9800
Facsimile:   (801) 328-1707

Attorneys for Plaintiff RMDI, LLC

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

| | |
|---|---|
| RMDI, LLC, a Utah limited liability company, | Civil Action No.  2:10-cv-00029-DAK |
| Plaintiff, | |
| v. | **COMPLAINT FOR PATENT INFRINGEMENT** |
| REMINGTON ARMS CO., INC., a North Carolina corporation, BUSHMASTER FIREARMS INT'L, LLC, a Maine limited liability company, ROCK RIVER ARMS, INC., an Illinois corporation, and MAGPUL INDUSTRIES CORP., a Colorado corporation, | Honorable Judge Dale A. Kimball |
| Defendants. | |

RMDI, LLC ("RMDI") brings this action against defendants Remington Arms Co., Inc.,

Bushmaster Firearms Int'l, LLC, Rock River Arms, Inc., and Magpul Industries Corp. (collectively

referred to hereafter as "Defendants"), and for good cause of action alleges as follows:

### THE PARTIES

1.      RMDI, LLC is a limited liability company organized under the laws of the State of

Utah with its principal place of business in North Salt Lake City, Utah.

2.      On information and belief, Remington Arms Co., Inc. ("Remington") is a North Carolina corporation with headquarters in Madison, North Carolina, has designated its registered agent for purposes of service of process as CT Corporation System, 150 Fayetteville Street, Box 1011, Raleigh, North Carolina 27601, and is doing business in this judicial district.

3.      On information and belief, Bushmaster Firearms Int'l, LLC ("Bushmaster") is a Maine limited liability company with headquarters in Windham, Maine, has designated its registered agent for purposes of service of process as National Registered Agents, Inc., P.O. Box 509, Readfield, Maine 04355, and is doing business in this judicial district.

4.      On information and belief, Rock River Arms, Inc. ("Rock River Arms") is an Illinois corporation with headquarters in Colona, Illinois, has designated its registered agent for purposes of service of process as Mark A. Larson, 1042 Cleveland Road, Colona, Illinois 61241, and is doing business in this judicial district.

5.      On information and belief, Magpul Industries Corp. ("Magpul") is a Colorado corporation with headquarters in Longmont, Colorado, has designated its registered agent for purposes of service of process as Douglas Wayne Smith, 400 Young Court #1, Erie, Colorado 80516-8441, and is doing business in this judicial district.

## JURISDICTION AND VENUE

6.      This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35 of the United States Code.

7.      Subject-matter jurisdiction over RMDI's claims is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a).

8.      On information and belief, Defendants have solicited business in the State of Utah, transacted business within the State of Utah and attempted to derive financial benefit from residents

of the State of Utah, including benefits directly related to the instant patent infringement cause of action set forth herein.

9.     On information and belief, Defendants have placed their infringing products into the stream of commerce throughout the United States, which products have been offered for sale, sold and/or used in the State of Utah and/or in the District of Utah.

10.     More specifically, on information and belief, Defendants have offered for sale and/or sold their products through various retailers located in Utah, including, but not limited to, Gallenson's, Basin Sports, Good Gun Guys, Hammerback Guns, Kent Shooters Supply, Lee's Gun Shop, "Get Some" Guns & Ammo, Smith and Edwards, Big 5, and Cabela's.

11.     Defendants, directly or through their subsidiaries, divisions, groups or distributors have committed acts of infringement in this judicial district, are subject to personal jurisdiction in this judicial district, and/or are doing business in this judicial district.

12.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and/or 1400.

## ACCUSED PRODUCTS

13.     Remington, directly or through its subsidiaries, divisions, groups or distributors, makes, sells and/or offers for sale or allows others to make, use, sell and/or offer for sale infringing products, including, but not limited to, the product identified as the Adaptive Combat Rifle, or ACR.

14.     Bushmaster, directly or through its subsidiaries, divisions, groups or distributors, makes, sells and/or offers for sale or allows others to make, use, sell and/or offer for sale infringing products, including, but not limited to, the product identified as the Adaptive Combat Rifle, or ACR.

15.     Rock River Arms, directly or through its subsidiaries, divisions, groups or distributors, makes, sells and/or offers for sale or allows others to make, use, sell and/or offer for sale infringing products, including, but not limited to, the product identified as the LAR-8.

16.    Magpul, directly or through its subsidiaries, divisions, groups or distributors, makes, sells and/or offers for sale or allows others to make, use, sell and/or offer for sale infringing products, including, but not limited to, the products identified as the Masada and the Massoud rifles.

17.    Defendants' products listed in paragraphs 13-16 above are collectively referred to hereafter as "the Accused Products."

18.    The Accused Products do not necessarily represent an exhaustive list, and additional products may be added pending further discovery.

**CLAIM FOR RELIEF**
**PATENT INFRINGEMENT**

19.    On October 6, 2009, U.S. Patent No. 7,596,900 (the "'900 patent") entitled "Multi-Caliber Ambidextrously Controllable Firearm," a copy of which is attached hereto as Exhibit A, was duly and legally issued to the inventors Alexander J. Robinson, Darin G. Nebeker, and Jon C. Holway.

20.    RMDI is the owner by assignment of all right, title and interest in and to the '900 patent, including the right to sue for and recover all past, present and future damages for infringement of the '900 patent.

21.    Upon information and belief, Defendants, directly or through their subsidiaries, divisions, groups or distributors, have infringed and continue to infringe the '900 patent by making, using, selling and/or offering to sell, or inducing or contributing to the infringement of the '900 patent in the United States, including in the state of Utah, one or more of the Accused Products that are covered by one or more of the claims of the '900 Patent, including, but not limited to, claim 1 of the '900 Patent.

22.    Defendants are liable for infringement of the '900 Patent pursuant to 35 U.S.C. § 271.

23.    Defendants' acts of infringement have caused damage to RMDI, and RMDI is entitled to recover from the defendants the damages sustained by RMDI as a result of the Defendants' wrongful acts in an amount subject to proof at trial.

24.    As a consequence of the infringement complained of herein, RMDI has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless the defendants are enjoined by this Court from committing further acts of infringement.

25.    Upon information and belief, one or more of the Defendants' acts of infringement were made or will be made with knowledge of the '900 Patent.  Such acts constitute willful infringement and make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285 and entitle RMDI to enhanced damages and reasonable attorneys' fees.

## PRAYER FOR RELIEF

Wherefore, RMDI prays for the following relief:

A.    Judgment that Defendants have each infringed the '900 Patent;

B.    An order requiring Defendants to account for and pay to RMDI all damages caused by their infringement of the '900 Patent, whether lost profits or a reasonable royalty, and to enhance such damages by three times in light of Defendants' willful infringement, all in accordance with 35 U.S.C. § 284;

C.    Entry of a permanent injunction pursuant to 35 U.S.C. § 283 enjoining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with them from further acts of patent infringement;

D.    An order that RMDI be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants' patent infringement;

E.     A declaration by the Court that this an exceptional case and that RMDI be granted its reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

F.     An award of costs to RMDI; and

G.     Any other relief that the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

RMDI demands trial by jury on all claims and issues so triable.

Dated: January 14, 2010.                WORKMAN | NYDEGGER


                                        By: /s/ James B. Belshe
                                            James B. Belshe
                                            Clinton E. Duke
                                            Amber B. Leavitt
                                        Attorneys for Plaintiff RMDI, LLC