# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **RMDI, LLC,**  Plaintiff,  vs.  **REMINGTON ARMS CO., INC. BUSHMASTER FIREARMS INT'l, LLC, ROCK RIVER ARMS,, and MAGPUL INDUSTRIES CORP.,**  Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PRELIMINARY INJUNCTION**  Case No. 2:10CV29DAK  Judge Dale A. Kimball |

This matter is before the court on Plaintiff RMDI, LLC's Motion for Preliminary Injunction enjoining Defendants Remington Arms and Bushmaster Firearms from engaging in acts of infringement of United States Patent No. 7,596,900 ("the '900 patent"), entitled "Multi-Caliber Ambidextrously Controllable Firearm." Specifically, RMDI, LLC ("RMDI") seeks an order from this Court enjoining Remington Arms and Bushmaster Firearms from making, using, selling, offering to sell, and/or importing Remington's Adaptive Combat Rifle ("ACR") or any other product that infringes claim 24 of the '900 Patent.[1]

The court held a hearing on the preliminary injunction motion on August 5, 2010. At the hearing, Plaintiff was represented by Chad E. Nydegger, Charles L. Roberts, and James B.

---

[1] Although RMDI's written submission seek a preliminary injunction on claim 6 as well, counsel for RMDI stated at the hearing on the motion that claim 24 is the only claim at issue.

1

Belshe, Defendants Remington Arms and Bushmaster Firearms were represented by John F. Morrow, Jr., and Kristine E. Johnson, and Defendant Magpul Industries was represented by Thomas D. Bratschun. The court took the preliminary injunction motion under advisement. The court has carefully considered the memoranda, exhibits, declarations, and other materials submitted by the parties, the arguments advanced by counsel at the hearing on the motion, and the facts and law relevant to the motion. Now being fully advised, the court renders the following Memorandum Decision and Order.

## I. BACKGROUND[2]

RMDI filed the provisional application for the '900 patent on August 4, 2003.[3] It then filed a non-provisional application for the '900 patent on August 4, 2004, which was ultimately granted on October 6, 2009. Robinson Armament markets and sells the commercial embodiment of the '900 patent, which is known as the XCR. RMDI and Robinson Armament are small, privately held companies jointly owned by Alexander J. Robinson and two members of his family.

RMDI claims that Defendants Remington Arms and Bushmaster Firearms, directly or through their subsidiaries, divisions, or distributors, make, use, or sell the Adaptive Combat Rifle ("ACR") which infringes on the '900 patent. RMDI also claims that Defendant Rock River's

---

[2] The court notes that the findings of fact and conclusions of law made by a court in deciding a preliminary injunction motion are not binding at the trial on the merits. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *City of Chanute v. Williams Natural Gas Co.*, 955 F.2d 641, 649 (10th Cir. 1992), *overruled on other grounds, Systemcare, Inc. v. Wang Labs Corp.*, 117 F.3d 1137 (10th Cir. 1997) (recognizing that "the district court is not bound by its prior factual findings determined in a preliminary injunction hearing.").

[3] RMDI is the owner by assignment of all right, title and interest in and to the '900 Patent.

LAR-8 rifle and Defendant Magpul Industries' Masada and Massoud rifles infringe on the '900 patent.

Alexander Robinson began designing the XCR in September of 2002, which RMDI claims is an undisputed priority date. Rock River, however, had conceived of its LAR-8 and started to reduce it to practice by July of 2001. RMDI claims priority because it filed for a patent in August of 2003, whereas Rock River did not file for a patent on the LAR-8 until February of 2004. RMDI states that it filed the patent application for its XCR during a period of concealment. Defendants, however, presented substantial evidence that Rock River was making diligent and reasonable efforts from July 2001 to commercialize its LAR-8.

After obtaining the '900 patent in October of 2009, RMDI did not notify Defendants of the patent even though RMDI knew about Defendants' allegedly infringing products. Remington and Bushmaster had conducted extensive marketing campaigns for the allegedly infringing ACR throughout 2009. RMDI waited until January of 2010, which was close to the opening of a yearly trade show, to file the present suit against Defendants. RMDI did not seek preliminary injunctive relief when it filed its Complaint. Rather, RMDI waited until April 28, 2010, to file its motion for preliminary injunction.

## II. DISCUSSION

### RMDI's Motion for Preliminary Injunction

RMDI argues that a preliminary injunction is the only remedy for immediately controlling the harm to it from Defendants' allegedly infringing acts. District courts are empowered to "grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283. Because such injunctions involve substantive issues of patent law, the law of the Federal

Circuit applies to the motion. *Hybritech Inc. v. Abbott Labs.*, 849 F.2d 1446, 1451 n.12 (Fed. Cir 1988).

The Federal Circuit recognizes that a preliminary injunction is a "drastic and extraordinary remedy that is not to be routinely granted." *Intel Corp. v. ULSI Sys. Tech., Inc.*, 995 F.2d 1566, 1568 (Fed. Cir. 1993). In analyzing a motion for preliminary injunction, the Federal Circuit considers the traditional four-part test for preliminary injunctive relief under Rule 65 of the Federal Rules of Civil Procedure. In order to obtain a preliminary injunction under this test, the moving party must demonstrate that: (i) there is a substantial likelihood of success on the merits at trial; (ii) irreparable injury will be suffered unless the injunction issues; (iii) the threatened injury to the movant outweighs the damage which the injunction may cause the opponent; and (iv) the injunction would not be adverse to the public interest. *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001).

While none of the factors is dispositive, "a movant cannot be granted a preliminary injunction unless it establishes both of the first two factors." *Id*. at 1350. RMDI claims that it meets each of the four elements for a preliminary injunction. Defendants, however, assert that RMDI fails to meet its burden on each of the required elements.

### 1. *Likelihood of Success on the Merits*

"[A]t the preliminary injunction stage, because of the extraordinary nature of the relief, the patentee carries the burden of showing likelihood of success on the merits with respect to the patent's validity, enforceability, and infringement." *Nutrition 21 v. United States*, 930 F.2d 867, 869 (Fed. Cir. 1991) (reversing grant of preliminary injunction where court failed to properly credit evidence calling validity of the patent into doubt). A preliminary injunction may issue upon a somewhat lesser showing of validity and infringement as is required at trial. *Atlas*

4

*Powder Co. v. Ireco Chems.*, 773 F.2d 1230, 1233-34 (Fed. Cir. 1985). But if the accused infringer "raises a substantial question concerning either infringement or validity, i.e., asserts an infringement or invalidity defense that the patentee cannot prove 'lacks substantial merit,' the preliminary injunction should not issue." *Nat'l Steel Car, Ltd. v. Canadian Pacific Ry, Ltd.*, 357 F.3d 1319, 1324 (Fed. Cir. 2004). "In other words, vulnerability is the issue at the preliminary injunction stage, while validity is the issue at trial." *Amazon*, 239 F.3d at 1358. Thus, to defeat this motion Defendants need to present evidence showing the court that the '900 Patent is "vulnerable" to an invalidity or non-infringement attack. If Defendants present such evidence, the burden shifts to Plaintiff to show that Defendants' arguments "lack substantial merit." *Nat'l Steel,* 357 F.3d at 1324.

    *(1) Validity*

Although a patent is presumed valid under 35 U.S.C. § 282, that presumption "does not relieve a patentee who moves for preliminary injunction from carrying the normal burden of demonstrating that it will likely succeed on all disputed liability issues at trial, even when the issue concerns the patent's validity." *Genentech, Inc. v. Novo Nordisk,* 108 F.3d 1361, 1363 (Fed. Cir. 1997) (emphasis added); *Amazon.com*, 239 F.3d at 1358 (to obtain a preliminary injunction, the patentee must present a clear case supporting the validity of the patent-in-suit); *H.H. Robertson Co. v. United Steel Deck, Inc.*, 820 F.2d 384 (Fed. Cir. 1987) (in preliminary injunction context, patent owner retains burden of showing reasonable likelihood that attack on validity would fail).

    RMDI argues that Defendants have not made a substantial attack on the validity of the patent. Defendants, however, argue that they have submitted evidence demonstrating that the '900 Patent's validity may be vulnerable to challenge and RMDI has failed to rebut such

5

evidence.

Under 35 U.S.C. § 102(g)(2), "A person shall be entitled to a patent unless . . . before such person's invention thereof, the invention was made in this country by another inventor who had not abandoned, suppressed, or concealed it." There is evidence showing that Rock River conceived of its accused LAR-8 rifle by July of 2001 and had a prototype of its accused LAR-8 rifle manufactured for re-sale by Bushmaster by no later than July 28, 2003. RMDI has not demonstrated an earlier date of invention. *See Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1576-1578 (Fed. Cir. 1996). RMDI argues instead that Rock River concealed its invention. But Defendants presented to the court substantial evidence showing that Rock River took diligent and reasonable efforts to commercialize its invention. The court, therefore, finds that there are substantial questions as to whether Rock River's LAR-8 pre-dates RMDI's XCR.

In addition to evidence of prior invention, Defendants have also submitted evidence of numerous other prior art references that may invalidate Claim 24 of the '900 Patent. To be valid, a patent claim must be novel, 35 U.S.C.§ 102, and nonobvious when viewed in light of the prior art, 35 U.S.C. § 103(a). "Under § 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background, the obviousness or nonobviousness of the subject matter is determined." *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 406 (2007) (quoting *Graham v. John Deere Co.*, 383 U.S. 1, 17 (1966)). When a patent "'simply arranges old elements with each performing the same function it had been known to perform'" and yields no more than one would expect from such an arrangement, the combination is obvious." *Id.* (quoting *Sakraida v. AG Pro, Inc.*, 425 U.S. 273, 282 (1976)).

Defendants submitted a chart comparing nine other prior art references that raise the

6

question as to whether the limitations of Claim 24 were contained in or rendered obvious by those prior art references. Defendants have presented persuasive evidence that one of ordinary skill in the art may have pieced together these prior art references and conceived of the combination of a magazine release with an ambidextrous bolt hold open that nests the trigger guard. RMDI has not persuasively rebutted such evidence. The court, therefore, finds that there is some question as to whether the '900 Patent is valid under 35 U.S.C. §§ 102(a) and 103. These questions regarding the validity of the '900 patent, therefore, preclude preliminary injunctive relief.

*(2) Infringement*

In order to establish infringement, the accused device must embody each and every element of at least one claim of the patent. *E.g., Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991). RMDI claims that Defendants' rifles embody each and every element of claim 24 of the '900 patent. Prior to the *Markman* phase, it is often difficult to make this determination. *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995) (*en banc*), *aff'd* 517 U.S. 370 (1996). However, for purposes of this preliminary injunction, both parties submitted proposed claim constructions supporting their positions with respect to infringement. There evidence demonstrates that there is a question as to whether the ACR bolt release paddle "nests" the trigger guard. At this stage of the litigation, therefore, the court cannot conclude that RMDI has met its required burden of proof with respect to demonstrating infringement.

**2. Irreparable Harm**

The Federal Circuit has held that "without a clear showing of validity and infringement, a presumption of irreparable harm does not arise in a preliminary injunction proceeding." *Nutrition*

*21*, 930 F.2d at 871 (reversing preliminary injunction because district court failed to find clear showing of validity and infringement after defendant raised prior art and inequitable conduct challenges to validity); *see also Auto. Merch. Sys., Inc. v. Crane Co.*, 357 Fed. Appx. 297, 301, 2009 WL 4878643, at *3 (Fed. Cir. Dec. 16, 2009) (in view of *e-Bay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 394 (2006), "the presumption of irreparable harm, based just on proof of infringement, was discarded" for both permanent injunctions and preliminary injunctions). Because the court concludes that RMDI has not made a clear showing of validity and infringement, there is no presumption of irreparable harm in this case.

RMDI further argues that it is irreparably harmed as follows: (1) Defendants' unauthorized use of its patent cannot be undone; (2) irreparable injury to the market because RMDI is forced to compete against its own technology, and RMDI will lose its market share; (3) irreparable injury to RMDI's reputation because defendant's use of the technology degrades RMDI's reputation of being an innovator in the area. Many of these alleged bases for irreparable harm, however, are based on the underlying assumption that the '900 patent is valid and there is infringement. Because of the court's findings with respect to validity and infringement, the court cannot conclude that Defendants are "using" the '900 patent, that RMDI is being forced to compete against its own technology, or that RMDI rightfully has a reputation as being an innovator in the area. RMDI, therefore, has not submitted persuasive evidence of irreparable harm.

Moreover, there is also evidence of delay which weighs against a finding of irreparable harm. RMDI correctly points out that Defendants cite to no case law to support their position that delay during patent prosecution can preclude preliminary injunctive relief. Defendants, however, appear to be relying on those delays to demonstrate a larger, more general pattern of

delay. While the delay in patent pendency may or may not be unusual, in the court's practice, it is unusual that RMDI did not immediately notify Defendants of the issuance of its patent. There is evidence in this case that many of the allegedly infringing rifles were being marketed heavily and were known in the industry long before RMDI sought to prevent their sale on the basis of infringement. While the apparent delays may not themselves preclude a finding of irreparable harm, they are conduct inconsistent with RMDI's arguments that they are being irreparably harmed in the marketplace.

The court concludes that RMDI has not met its burden of demonstrating irreparable harm in this case. Because RMDI has failed to meet either of the first two elements required for a preliminary injunction, the court concludes that there is no basis for analyzing the remaining elements. Accordingly, the court denies RMDI's motion for preliminary injunction.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for preliminary injunction is DENIED. Plaintiff has not clearly and unequivocally demonstrated that it is likely to succeed on the merits of its claims or that there is irreparable harm.

DATED this 7th day of September 2010.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge