IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RMDI, LLC, a Utah limited liability company, ZDF Import/Export, LLC d/b/a Robinson Armament Co., a Utah limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> REMINGTON ARMS CO., INC., a North Carolina corporation, BUSHMASTER FIREARMS INT'L, LLC, a Maine limited liability company, ROCKER RIVER ARMS, INC., an Illinois corporation, and MAGPUL INDUSTRIES CORP., a Colorado corporation, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION TO STRIKE <br><br><br> Case No. 2:10-CV-29 TS |

This matter is before the Court on Plaintiffs' Motion to Strike. Plaintiffs seek to strike the Motions for Summary Judgment filed by Defendants. For the reasons discussed below, the Court will deny the Motion to Strike.

1

I.  BACKGROUND

Plaintiffs filed their First Amended Complaint on June 17, 2010.  Plaintiffs allege Defendants infringe U.S. Patent No. 7,596,900 (the "'900 Patent").  Specifically, Plaintiffs allege that Defendants Remington Arms and Bushmaster Firearms, directly or through their subsidiaries, divisions, or distributors, make, use, or sell the Adaptive Combat Rifle ("ACR") which infringes the '900 Patent.  Plaintiffs claim that Rocker River Arms' LAR-8 rifle and Defendant Magpul Industries' Massada and Massound rifles infringe the '900 Patent.

Each Defendant has filed a Motion for Summary Judgment, arguing that the claims in the '900 Patent are invalid under 35 U.S.C. § 102(g). Defendants argue that the '900 Patent is invalid under 35 U.S.C. § 102(g) in light of the Rock River Arms' LAR-8 rifle.  Plaintiffs respond with the instant Motion to Strike.[1]

II.  DISCUSSION

Plaintiffs seek to strike Defendants' Motions for Summary Judgment.  Plaintiffs argue that, before an invalidity analysis can be conducted, the Court must first construe the claims of the '900 patent.  Because the Court has yet to engage in claims construction, Plaintiffs argue that pending Motions are untimely and should be stricken.  Plaintiffs further argue that the Motions are untimely because Plaintiffs have yet to identify those claims (other than Claim 1) of the '900 Patent allegedly infringed by the LAR-8 firearm.  Finally, Plaintiffs argue that the Motions are

---

[1]Plaintiffs' Motion to Strike was filed before Defendant Rock River Arms filed its Motion for Summary Judgment.  The parties have stipulated that Plaintiffs' Motion to Strike also applies to the Motion for Summary Judgment filed by Defendant Rock River Arms.  Docket No. 118, at 2 n.1 & Ex. A.

prejudicial to Plaintiffs because full discovery has yet to be conducted. Plaintiffs request the Court strike the Motions.

Plaintiffs first argue that the Court must engage in claim construction before reaching the issue of invalidity. While this may be the case in most circumstances, this case represents a unique situation where the accused product is also alleged to be prior art. In such a situation, where, for purposes of summary judgment, Defendants have accepted Plaintiffs' assertion of infringement, no further showing of identity between the parties is necessary.[2] Therefore, claim construction is unnecessary for the resolution of the summary judgment motions.

Plaintiffs next argue that the summary judgment motions are premature because they have yet to identify all of the specific patent claims that they believe are infringed by the LAR-8. Plaintiffs have, however, identified at least some of the claims that it believes are infringed.[3] Further, there is nothing preventing Plaintiffs from identifying the claims it believes are infringed. Plaintiffs have the ability to do so in response to Defendants' Motions for Summary Judgment. The Court will not allow Plaintiffs to use their failure to identify the claims they believe the LAR-8 rifle infringes as a way to avoid the pending summary judgment motions.

---

[2]*See Vanmoor v. Wal-Mart Stores, Inc.*, 201 F.3d 1363, 1366 (Fed. Cir. 2000); *Evans Cooling Sys., Inc. v. Gen. Motor Corp.*, 125 F.3d 1448, 1451 (Fed. Cir. 1997); *Benedict v. Gen. Motors Corp.*, 184 F.Supp. 2d 1197, 1200 (N.D. Fla. 2002).

[3]Docket No. 74, ¶ 23 (alleging infringement of one or more claims of the '900 Patent, including, but not limited to, claim 1); Docket No. 118, Ex. B (identifying at least claims 1, 3, 6, 7, 24, and 25 of the '900 Patent as infringed).

Finally, Plaintiffs argue that additional discovery is required. The Court notes that the parties have conducted discovery in this matter to some extent.[4] If Plaintiffs believe that further discovery is required, the proper procedure would be to file a motion under Fed.R.Civ.P. 56(d), formerly Rule 56(f). Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

The rule makes no mention of striking the underlying motion as an appropriate remedy. The Court finds that striking the summary judgment motions here is not a proper means of obtaining further discovery.[5]

Even if the Court were to find that any of the reasons proffered by Plaintiffs warranted some action in relation to the Motions for Summary Judgment, the Court would not strike the Motions. A motion to strike is a drastic remedy and is viewed with disfavor.[6] While Plaintiffs' arguments may present reasons to delay decision on the Motions for Summary Judgment, they do not present any justification for striking the Motions entirely. Striking the motions would result in wasted resources and unnecessary duplication of efforts. Therefore, the Court would deny Plaintiffs' Motion in any event.

---

[4] *See* Docket No. 75.

[5] By denying the Motion to Strike, the Court is not ruling on the merits of any future request under Fed.R.Civ.P. 56(d).

[6] *See* 5C CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380 (3d ed. 2004).

## III.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion to Strike (Docket No. 103) is DENIED.  In accordance with the Court's previous Order (Docket No. 116), Plaintiffs' oppositions to the pending Motions for Summary Judgment are due within twenty-one (21) days of this Order.

The hearing set for January 7, 2011, is STRICKEN.

DATED   December 21, 2010.

                BY THE COURT:

                _____
                TED STEWART
                United States District Judge