IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RMDI, LLC, a Utah limited liability company, ZDF Import/Export, LLC d/b/a Robinson Armament Co., a Utah limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>REMINGTON ARMS CO., INC., a North Carolina corporation, BUSHMASTER FIREARMS INT'L, LLC, a Maine limited liability company, ROCKER RIVER ARMS, INC., an Illinois corporation, and MAGPUL INDUSTRIES CORP., a Colorado corporation,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION TO CONDUCT DISCOVERY AND DEFERRING CONSIDERATION OF THE PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT<br><br><br><br>Case No. 2:10-CV-29 TS |

This matter is before the Court on Plaintiffs' Motion to Conduct Discovery Pursuant to Rule 56(f), now Rule 56(d). For the reasons discussed below, the Court will grant the Motion and will permit additional discovery on the issue of whether Rock River suppressed or concealed

1

the LAR-8 firearm. The Court will defer ruling on the parties' cross motions for summary judgment pending completion of discovery.

## I. BACKGROUND

Plaintiffs bring this action against Defendants asserting that certain firearms ("the Accused Products") infringe United States Patent No. 7,596,900 ("the '900 Patent").[1] Defendants argue that the '900 Patent is invalid under 35 U.S.C. § 102(g) because of Rock River's prior development of the allegedly infringing LAR-8 rifle. Defendants have brought separate motions for summary judgment seeking judgment on this issue.[2] Plaintiffs have filed their own Motion for Partial Summary Judgment, seeking dismissal of Defendants' Section 102(g) defense.[3] In addition, Plaintiffs have filed a Motion to Conduct Discovery Pursuant to Rule 56(f),[4] now Fed.R.Civ.P. 56(d).

## II. DISCUSSION

In their Motion to Conduct Discovery, Plaintiffs seek to conduct additional discovery that they believe will show that: (1) James Finn was not the inventor of the LAR-8 rifle; and (2) Rock River suppressed or concealed the LAR-8 firearm.

Fed.R.Civ.P. 56(d), formerly Rule 56(f), states that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition,

---

[1] Docket No. 74.

[2] Docket Nos. 98, 100 & 107.

[3] Docket No. 139.

[4] Docket No. 140.

2

the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[5]

"A party seeking to defer a ruling on summary judgment under Rule [56(d)] must 'file an affidavit that explain[s] why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts.'"[6] "[T]he nonmovant also must explain how additional time will enable him to rebut movant's allegations of no genuine issue of fact."[7] A party may not invoke Rule 56(d) "by simply stating that discovery is incomplete but must 'state with specificity how the additional material will rebut the summary judgment motion.'"[8]

The Court will address each of the areas upon which Plaintiffs seek additional discovery. As stated, Plaintiffs seek additional discovery on the issue of whether James Finn was the inventor of the LAR-8 rifle. Plaintiffs' request for discovery on this point relies on the Declaration of Alexander J. Robinson, wherein Mr. Robinson testifies that both engineers working at RMDI and himself had numerous discussions with Mr. Finn concerning new ideas and designs for firearms from 1999 to 2001.[9] From this limited statement, counsel surmises that

---

[5] Fed.R.Civ.P. 56(d).

[6] *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1308 (10th Cir. 2007) (quoting *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006)) (alteration in original).

[7] *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992) (quotation marks and citation omitted).

[8] *Libertarian Party of N.M.*, 506 F.3d at 1308-09 (quoting *Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000)).

[9] Docket No. 145, ¶ 5.

evidence will "show that Finn had conversations with Plaintiffs' personnel regarding Plaintiffs' new ideas and designs for firearms, and that Finn learned of the ambidextrous controls of the LAR-8 firearm during these conversations."[10] There is nothing in the record to support this allegation by counsel. Without anything to support this claim, the Court will not permit Plaintiffs to engage in a fishing expedition on this issue.

The Court will next consider the second issue upon which Plaintiffs seek discovery. Plaintiffs seek further discovery on the issue of whether Rock River suppressed or concealed the LAR-8 firearm. Plaintiff argues that Rock River had a commercially viable product as early as November 2002, but did not begin selling the firearm until February 2004. Plaintiffs seek further discovery as to Rock River's activities during this time period.

Defendants oppose Plaintiffs' request, pointing out that the parties have already engaged in discovery in advance of the preliminary injunction hearing.[11] However, that discovery was limited, and by no means complete.

Considering Plaintiffs' Motion, the Court finds that it is well-taken, as to this issue, and will be granted. Plaintiffs have set forth the probable facts not available, why those facts cannot be presented currently, the steps taken to obtain those facts, and how additional time will allow Plaintiffs to obtain the facts necessary to oppose Defendants' Motions for Summary Judgment. Specifically, Plaintiffs have raised an issue as to Rock River's activities from November 2002 to February 2004 that may have a direct impact on the issue presented to the Court in the parties'

---

[10]Docket No. 142, ¶ 10.

[11]Docket No. 75.

cross motions for summary judgment: whether Rock River suppressed or concealed the LAR-8 firearm. Plaintiffs have provided an explanation as to why those facts are not presently available, the steps already taken, and how additional time will allow them to obtain those facts. Based on this, the Court finds that further discovery on Rock River's activities from November 2002 to February 2004 is appropriate and will, therefore, grant Plaintiffs' Motion to Conduct Discovery.

The parties will be permitted to conduct additional discovery on the issue of whether Rock River suppressed or concealed the LAR-8 firearm, specifically focusing on the time period from November 2002 to February 2004. Discovery shall be completed by September 30, 2011. By October 31, 2011, each party may submit one additional memorandum concerning the issues raised in the parties' cross motions for summary judgment. Thereafter, the Court will take up the parties' cross motions for summary judgment. In addition, by September 30, 2011, Plaintiffs shall identify all claims of the '900 patent that it believes each of the Accused Products infringe.

### III. CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion to Conduct Discovery (Docket No. 140) is GRANTED.

DATED   May 26, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge